ACCEPTED
04-15-00153-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
6/16/2015 11:35:41 AM
KEITH HOTTLE
CLERK

## NO. 04-15-00153-CV

## IN THE COURT OF APPEALS FOR THE FOURTH DISTRICT
## SAN ANTONIO, TEXAS

### TINA M. ALLEN SOUZA
*Appellant,*
(Defendant below)

v.

### HEATHER CLEMENT TESSMER
*Appellee.*
(Plaintiff below)

Accelerated Appeal from the 225th Judicial District Court of Bexar County, Texas
The Honorable Peter Sakai, Presiding
Cause No. 2014-CI-15319

## RESPONSE BRIEF FOR APPELLEE, HEATHER CLEMENT TESSMER

Heather Clement Tessmer
State Bar No. 24013619
TESSMER LAW FIRM, P.L.L.C.
7800 IH-10 West, Suite 830
San Antonio, Texas 78230
Tel: 210-368-9708
Fax: 210-368-9729
info@tessmerlawfirm.com

ATTORNEY PRO SE

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

INDEX OF AUTHORITIES.....................................................................................iv

I.     STATEMENT OF THE CASE...........................................................................1

II.    ISSUES PRESENTED.................................................................................1, 2

       A.    Whether the trial court properly complied with the TCPA by denying Appellant's Motion to Dismiss at the hearing on March 4, 2015........................................................................................................1

            i.    Whether Appellant met her burden of showing that Appellee's claims in her Original Petition relate to the exercise of Appellant's First Amendment rights...............................................................1

            ii.   Whether Appellee met her burden of showing that a prima facie case for defamation existed based on direct and circumstantial evidence as presented in the record under *In re Lipsky*, No. 13-0928, 2015 WL 1870073, (Tex. Apr. 24, 2015) (*"Lipsky II"*)...1, 2

           iii.  Whether Appellant established by a preponderance of the evidence the elements of truth as a valid defense to Appellee's claim.........................................................................................................2

       B.    Whether a request for attorney's fees, costs, and sanctions in Motion to Dismiss under the TCPA qualifies as affirmative relief survives a nonsuit when the Appellant has not proven that the nonsuit was filed for the purpose of avoiding an unfavorable result under *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011) ...............................................2

III.   STATEMENT OF THE FACTS.......................................................................2

IV.   SUMMARY OF THE ARGUMENT..............................................................8

V.    ARGUMENT....................................................................................................9

       A.    The trial court properly complied with the TCPA by denying

Appellant's motion to dismiss Appellee's defamation case at the hearing on March 4, 2015........................................................9

i.    While Appellant did not meet the burden of proving that the breach of contract claim asserted in Appellee's Original Petition relates to an exercise of Appellant's First Amendment rights, Appellant may have met the burden for Appellee's defamation claims........................................................10

ii.    Appellee met her burden of showing that a prima facie case for defamation existed based on direct and circumstantial evidence as presented through clear and specific evidence in the record under *In re Lipsky*, No. 13-0928, 2015 WL 1870073, (Tex. Apr. 24, 2015) (*"Lipsky II"*) whether or not Appellant met her burden of proof under the TCPA........................................................11

iii.    Appellant did not meet her burden of proving by a preponderance of evidence the elements of truth as a valid defense to Appellee's claim once Appellee met her burden........................................................20

B.    A request for attorney's fees, costs, and sanctions asserted in Motion to Dismiss under the TCPA does not qualify as affirmative relief surviving a nonsuit when the Appellant has not proven that the nonsuit was filed for the purpose of avoiding an unfavorable result under *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011)........................................................21

VI.   CONCLUSION........................................................23

VII.  PRAYER........................................................24

CERTIFICATE OF COMPLIANCE........................................................25

CERTIFICATE OF SERVICE........................................................25

APPENDIX........................................................26

NECESSARY CONTENTS

1.    Tex. Civ. Prac. & Rem. Code Ann § 10.004........................................................TAB A

2.  Tex. Civ. Prac. & Rem. Code Ann § 73.005.............................TAB B

3.  Tex. R. Civ. P. 13..........................................................................TAB C

4.  Tex. R. Civ. P. 162.......................................................................TAB D

NOTE REGARDING CITATIONS TO THE RECORD

The following abbreviations will be used when citations are made to the Record:

Clerk's Record: CR. Tab [number].[ page number]: [line or paragraph number].

Supplemental Clerk's Record: SCR. Tab [number].[ page number]: [line or paragraph number].

Reporter's Record: RR. Vol. [number]. [page number]:[line or paragraph number].

# INDEX OF AUTHORITIES

STATUTES

Tex. Civ. Prac. & Rem. Code Ann. § 10.004............................................22, 23

Tex. Civ. Prac. & Rem. Code Ann. Chapter 27..............................................1

Tex. Civ. Prac. & Rem. Code Ann. § 27.001...............................................21

Tex. Civ. Prac. & Rem. Code Ann. § 27.001 (3)..........................................10

Tex. Civ. Prac. & Rem. Code Ann. § 27.002................................................9

Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)...........................................10

Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c)............................................10

Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d)............................................10

Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a) ...........................................9

Tex. Civ. Prac. & Rem. Code Ann. § 73.005................................................20

Tex. R. Civ. P. 13.............................................................................23

Tex. R. Civ. P. 162...........................................................................22

UNITED STATES SUPREME COURT CASES

*Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 349 (1974).........................13, 16

*Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 21 (1990)...........................14

*New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80 (1964)..................16

*St. Amant v. Thompson,* 390 U.S. 727, 731 (1968)................................17

TEXAS SUPREME COURT CASES

*Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002)……................................15

*Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011)................................2, 9, 21,22

*Huckabee v. Time Warner Entm't Co.,* 19 S.W.3d 413, 420 (Tex. 2000)…..................................................................................16, 17

*In re Lipsky*, No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015)..................................1, 2, 8, 10, 11, 12, 13, 16, 19

*Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025, at 1 (Tex. Apr. 24, 2015)......................................................................................9

*Molinet v. Kimbrell,* 356 S.W.3d 407, 411 (Tex. 2011)……......................….9

*Neely v. Wilson*, 418 S.W.3d, 52, 62 (Tex. 2013).........................................20

*Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960)...............16

*Salinas v. Salinas,* 365 S.W.3d 318, 320 (Tex. 2012) (per curiam)…...........19

*Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000)...............20

*Waste Mgmt. vv. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 150 n.35 (Tex.2014) ...........................................................................16

TEXAS APPELLATE COURT CASES

*Alphonso v. Deshotel,* 417 S.W.3d 194, 198 (Tex.App. – El Paso 2013, no pet.)...................................................................................12

*Farias v. Garza,* 426 S.W.3d 808, 814 (Tex.App. – San Antonio 2014, pet.

filed)........................................................................................................12

*Fitzmaurice v. Jones,* 417 S.W.3d 627, 632 (Tex.App. – Houston [14th Dist.] 2013, no pet.)...........................................................................12

*Franco v. Cronfel,* 311 S.W.3d 600, 607 (Tex. App. – Austin 2010)..........17

*In re Lipsky,* 411 S.W.3d 530, 536 (Tex. App. – Fort Worth 2013, original proceeding) .............................................................................................9

*KBMT Operating Co. v. Toledo,* 434 S.W.3d 276, 282 (Tex.App. – Beaumont 2014, pet. granted)....................................................................12

*Klentzman v. Brady,* 312 S.W.3d 886, 898 (Tex. App. – Houston [1st Dist.] 2009)................................................................................................13, 16

*Rauhauser v. McGibney,* No. 02-14-00215-CV, 2014 WL 6996819 (Tex. App. – Fort Worth Dec. 11, 2014)....................................................21

*Rehak Creative Servs., Inc. v. Witt,* 404 S.W.3d 716, 726 (Tex.App. – Houston [14th Dist.] 2013, pet. denied)............................................................12

*Rio Grande H2O Guardian v. Robert Muller Family P'ship, Ltd.,* No. 04–13–00441–cv, 2014 WL 309776, at 2 (Tex.App. – San Antonio Jan. 29, 2014, no pet.) (mem. op.)..................................................................12

*Shipp v. Malouf,* 439 S.W.3d 432, 439 (Tex.App. – Dallas 2014, pet. denied)..........................................................................................12

*Sierra Club v. Andrews Cnty., Tex.,* 418 S.W.3d 711, 715 (Tex.App. – El

Paso 2013, pet. filed) ...........................................................12

*Young v. Krantz,* 434 S.W.3d 335, 342–43 (Tex.App. – Dallas 2014, no

pet.)................................................................................12

# I. STATEMENT OF THE CASE

Appellee accepts Appellant's statement of the case with the following corrections:

First, Appellant's review was not merely an unfavorable review as appellant asserts. The review contained false statements of fact regarding Appellee's reputation, which would lead a reasonable reader to doubt the abilities of Appellee as an attorney.

Second, Appellant asserts that the motion to dismiss under the Texas Citizens Participation Act (TCPA), Chapter 27, Tex. Civ. Prac. & Rem. Code ("anti-SLAPP") was overruled by operation of law.[1] However, at the hearing on March 4, 2015, Presiding Judge Peter Sakai indeed ruled on Appellant's motion to dismiss after a hearing on the merits finding: "The movant Defendant's motion to dismiss under the Texas Citizens Participation Act is denied." (RR. Vol. 2, 32:16-18).

# II. ISSUES PRESENTED

A.  Whether the trial court properly complied with the TCPA by denying Appellant's Motion to Dismiss at the hearing on March 4, 2015.

> i.  Whether Appellant meet her burden of showing that Appellee's claims in her Original Petition relate the exercise of Appellant's First Amendment rights.

> ii.  Whether Appellee met her burden of showing that a prima facie case for defamation existed based on direct and circumstantial evidence as presented in the record under *In*

---

[1] See Appellant's Brief page 1.

1

*re Lipsky*, No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015) (*"Lipsky II"*).

iii.   Whether Appellant established by a preponderance of the evidence the elements of truth as a valid defense to Appellee's claim.

B.   Whether a request for attorney's fees, costs, and sanctions in Motion to Dismiss under the TCPA qualifies as affirmative relief survives a nonsuit when the Appellant has not proven that the nonsuit was filed for the purpose of avoiding an unfavorable result under *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011).

## II.   STATEMENT OF FACTS

Appellee accepts Appellant's statement of the facts with the following corrections:

### Appellee's Original Petition

While Appellant correctly states Appellee filed Plaintiff's Original Petition ("Petition") on September 25, 2014 citing factual allegations made in that Petition, Appellant fails to include other important factual allegations that were pled.

First, that the Petition also states that Appellee and Appellant first met regarding filing a Petition to Modify custody arrangements on or about September 2012; two years prior to the issues giving rise to the underlying action which is the subject of this appeal. (CR. Tab 1. 2:10).

Second, to clarify, according to Appellee's petition, the motion for enforcement was brought against Appellant, alleging that she refused to comply with a scheduled visitation order and failed to provide her address to her child's father. The relief requested was jail time for Appellant. *Id.*

2

Third, the Appellee's petition also stated that an attorney and a paralegal worked on Appellee's case, documents were drafted for filing, and Appellee's law firm maintained constant communication with Appellant through email and telephone. (CR. Tab 1. 2:12- 3).

Fourth, because of time constraints involved with the Motion to Enforce pending against Appellant, Appellee explained to Appellant that the most important objective was to keep Appellant from serving jail time. (CR. Tab 1. 3). Further, Appellee informed Appellant that the enforcement issue needed to be resolved prior to seeking a modification. *Id.*

Fifth, again according to Appellee's petition, at the March 4, 2014 hearing on the Motion to Enforce, Appellant would not agree to any potential offers causing the Judge to require probated jail time and to make up for visitations that Appellee had not complied with. (CR. Tab 1. 3:13). Further, Appellee was not ordered to pay the opposing party's attorney's fees. *Id.*

Sixth, the petition's factual allegations also stated that Appellee was unable to grasp that the hearing on the Motion for Enforcement was held solely to address the enforcement of possession. (CR. Tab 1. 3:14).

<u>Facts Surrounding the Breach of Contract Claim</u>

Furthermore, to clarify, although the contract between Appellant and Appellee requires $2,500.00 retainer, only if the balance falls under $500.00 is

3

immediate replinishment required. (CR. Tab 1. 14, Exhibit A [Contract page 3]). Even then, a stop-work order will not be placed on the account until the client fails to send prompt payment or set up a payment plan. *Id.* As of February 28, 2014, Appellant's bill for services rendered was $3,917.80 plus $1,000.00 to replenish the client trust account to bring the total amount of the client trust account to $2,500. (CR. Tab 1. 49, Exhibit F [February 28, 2014 Billing Summary]). Appellant's payment of $2,500.00, according to the March 31, 2014 bill, was not made until March 4, 2014; the day of her enforcement hearing. (CR. Tab 1. 48, Exhibit F [March 31, 2014 Bill page 4]). The total amount Appellant paid was $4,000.00 for legal fees. (CR. Tab 1. 44, Exhibit F [March 31, 2014 Billing Summary]). As of April 30, 2014 Appellant still owed $5,834.34 for Appellee's legal representation. (CR. Tab 1. 42, Exhibit F [April 30, 2014 Billing Summary]). This amount was not ever paid and was the basis for the underlying breach of contract claim. (CR. Tab 1. 56, Exhibit G [August 25, 2014 Appellee's Cease and Desist Letter]).

### Appellant's Allegation that Complete File was not Promptly Returned

Although Appellee's email suggested that nothing from her file would be returned to her without replenishment of her trust account, there is no documentation to suggest that Appellee actually requested a copy of her file prior to her March 12, 2014 email to Appellee's law firm. (CR. Tab 1. 35, Exhibit C

4

[March 12, 2014 Email from Appellant to Appellee]). Additionally, after receiving this request for her file in the aforementioned email, Appellee's firm sent out the file to her personally by First Class Mail on March 19, 2014. (RR. Vol. 3, Respondent's Exhibit 2 [Affidavit of Heidi Helstrom]). At this point, Wade Shelton had not substituted as attorney of record. *Id.* Furthermore, the paralegal from Mr. Shelton's office called on July 23, 2014 and emailed July 24, 2014 seeking the missing portions of the file. *Id.* Ms. Helstrom returned that call explaining that all the pleadings provided were all that Appellee's office had, as the other pleadings were from previous litigation in which Appellee's office did not represent Appellant. *Id.* Ms. Helstrom further explained that Appellant had never provided the documents to Appellee. *Id.* These affidavits were presented at the hearing on Appellant's Motion to Dismiss. (RR. Vol. 3.).

Appellant's Avvo Reviews of Appellee

First, of note, is that Appellant wrote, not one, but two different reviews on the Avvo attorney advertising website. The first review was written on August 22, 2014 and Appellee was notified by email that she had received a review. (RR. Vol. 3. Exhibit 4 [August 22, 2014 Avvo Review]). For convenience, the entire text of Appellee's first Avvo review is quoted below:

> "Paid full deposit. Asked for best representation, but received only a recent grad to go up against an affluent and prominent attorney. My attorney['s] eyes were nervous, unprepared, unprofessional. I was charged for research hours but she did not do any. She forgot half of

5

the evidence supporting my case, that I gave her. She said nothing in my defense and forgot her questions twice. She even told the OC that she was "twerking"! This attorney was a joke that even a judge laughed at. But the judge laughed at me too then, since my attorney failed to defend me. NO REFUND as of yet. Considering strongly filing a griev[a]nce too since the firm refused to send my case files until I replenished my account even though I owed nothing, and when it finally [misspelling omitted] sent 8 weeks later, it only had half my case in it. They don[']t return calls or emails."

Appellee points out, however, that while this initial review was produced as evidence at the hearing on the motion to dismiss, and it was not attached to Appellee's Original Petition. This first review was taken down by Avvo. (RR. Vol. 2. 28:21-22).

Appellee's revised review, which was attached to Appellee's Original Petition, written sometime in between August 22, 2014 and August 27, 2014 as stated in CR. Tab 1. 39-40, Exhibit E [Appellant's Revised August Review], is also quoted below:

> "I hired Heather Tessmer to handle my family law case after I saw her aggressive billboards. My case was assigned to an [i]nexperienced associate in her firm amid my concern that our opponents' attorney had 20 years more experience and an aggressive and ruthless reputation. I was charged for the associate to do research on the opposing attorney and family law. Shouldn't she have studied before leaving college?
> The associate did not prepare me to speak the day of court, did not even inform me I had a right not to speak.
> "The associate received several emailed documents from me proving the opposition was lying, for which I was also charged by the associate to read them all, but the day of court she "forgot" them at home! There was nothing to prove my [i]nnocence and all the associate[']s fault.

6

"The associate was unprepared and forgetful when inside the courtroom, shuffling through an unorganized briefcase while the opposing attorney was sharp, prepared, and organized. I asked for Tessmer, what I got was poor representation. When I fired them, they actually tried to blame the reason on me. The firm refused to send my case files to me until I "replenished" my fund, even though I owed them nothing and had fired them with a credit left on my balance. BTW they never sent me back the credit. It is obvious that they didn[']t care about me as their client, and the irresponsible loss caused major catastrophe to our lives.

"Poor legal representation CAN ruin your life. I hope AVVO is a legitimate service and fairly allows me to share my experience. [M]aybe it will help someone."

## Appellant's Motion to Dismiss Under TCPA

Appellant's Motion to Dismiss, importantly, is only based upon Appellee's claim asserting defamation and requesting injunctive relief and does not assert that Appellee's breach of contract claim or intentional infliction of emotional distress claim is subject to dismissal under the TCPA. (CR. Tab 4. 67-68). Notably, neither in her Motion to Dismiss, nor in her brief has Appellant offered substantial evidence of truth as a defense.[2] (CR. Tab 4. 67-68). Appellant does say in her affidavit that her "state of knowledge of the facts stated in this review were based completely upon what I knew at the time." (CR. Tab 4. 77:10). Additionally, Appellant acknowledges misstating facts in her review with respect to whether research was done by the associate attorney or the paralegal. *Id.*

At the hearing denying Appellant's Motion to Dismiss, the court allowed the

---

[2] See Appellant's Brief page 13.

7

Appellee to submit affidavits and the reviews at issue rebutting the Motion to Dismiss.[3] (RR. Vol. 2. 32:18-19). The court also admitted Appellant's exhibits including affidavits, emails, and letters. (RR. Vol. 3. 3:1-7). On the evidence before the court, the oral ruling was made. (RR. Vol. 2. 62:16-18).

## III. SUMMARY OF ARGUMENT

A. The trial court properly complied with the TCPA by denying Appellant's motion to dismiss Appellee's defamation case at the hearing on March 4, 2015.[4]

    i. While Appellant did not meet the burden of proving that the breach of contract claim asserted in Appellee's Original Petition relates to an exercise of Appellant's First Amendment rights, Appellant may have met the burden for Appellee's defamation claims.

    ii. Appellee met her burden of showing that a prima facie case for defamation existed based on direct and circumstantial evidence as presented through clear and specific evidence in the record under *In re Lipsky*, No. 13-0928, 2015 WL 1870073, (Tex. Apr. 24, 2015) (*"Lipsky II"*) whether or not Appellant met her burden of proof under the TCPA.

    iii. Appellant did not meet her burden of proving by a preponderance of evidence the elements of truth as a valid defense to Appellee's claim once Appellee met her burden.

B. A request for attorneys fees, costs, and sanctions asserted in Motion to

---

[3] Appellant asserts that the exhibits submitted at the March 4, 2015 hearing on the TCPA Motion to Dismiss were not admissible. (RR. Vol. 2. 31;32:1-17; 35:18-25;36:1-10). However, Appellant's evidentiary claims are not appropriate for review under a *de novo* standard as asserted by both parties in this appeal.

[4] While Appellant makes several other arguments in her brief involving issues raised at the March 4, 2015 hearing, Appellee addresses only the contested issues necessary to affirm the trial court's ruling.

Dismiss under the TCPA does not qualify as affirmative relief surviving a nonsuit when the Appellant has not proven that the nonsuit was filed for the purpose of avoiding an unfavorable result under *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011).

## IV. ARGUMENT

**A. The trial court properly complied with the TCPA by denying Appellant's motion to dismiss Appellee's defamation case at the hearing on March 4, 2015 after the action was nonsuited and fully litigated on the merits because Appellee met her burden.**

The standard of review for Motions to Dismiss under the TCPA is *de novo*. *Lippincott v. Whisenhunt*, No. 13-0926, 2015 WL 1967025, at 1 (Tex. Apr. 24, 2015) citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). According to the TCPA, "[t]he purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The TCPA is considered Anti-SLAPP (Strategic Lawsuits Against Public Participation) legislation. *In re Lipsky*, 411 S.W.3d 530, 536 (Tex. App. – Fort Worth 2013, original proceeding) ("*Lipsky I*").

Relief under the TCPA is afforded through the expedited dismissal of the underlying suit, reasonable attorney's fees, court costs and/or sanctions. Tex. Civ. Prac. & Rem. Code Ann § 27.009(a). Under the TCPA, there is a unique procedure

9

adopted to dismiss such suits. *Lipsky II,* No. 13-0928, 2015 WL 1870073 at 3 (Tex. Apr. 24, 2015). First, based on a preponderance of the evidence, defendant-movant has the burden of showing that the lawsuit "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Tex. Civ. Prac. & Rem. Code Ann. §27.005(b). Furthermore, freedom of speech is defined as "a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann § 27.001(3). Second, the court is to dismiss the underlying suit unless the Plaintiff can show, "by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann §27.005(c). "Notwithstanding whether the previous burden is met, the trial court shall dismiss a legal action against the moving party if the moving party establishes by a preponderance of the evidence each essential element of a valid defense to the non[-]movant's claim." Tex. Civ. Prac. & Rem. Code Ann.§27.005(d).

      i.   **While Appellant did not meet the burden of proving that the breach of contract claim asserted in Appellee's Original Petition relates to an exercise of Appellant's First Amendment rights, Appellant may have met the burden for Appellee's defamation claims.**

First, because Appellant has not asserted at anytime that the breach of contract claim or the intentional infliction of emotional distress claim, as listed in Appellee's Original Petition, relates to Appellant's First Amendment rights,

10

Appellant has not met her burden with respect to those claims. Therefore, any continued analysis in this brief under the TCPA will specifically regard the defamation claim that Appellant asserts was subject to dismissal.

Second, because Appellee set forth in her Original Petition defamation based on a matter of public concern, and because Appellee failed to contest that Appellant met her burden in the trial court, Appellee concedes for purposes of narrowing contested issues that Appellant met her initial burden. However, as mentioned above, the inquiry does not end here. The purpose of the TCPA is not to dismiss meritorious suits but to prevent the chilling of First Amendment rights. *Lipsky II*, No. 13-0928, 2015 WL 1870073 at 6 (Tex. Apr. 24, 2015). Therefore, whether the denial of Appellant's Motion to Dismiss was appropriate hinges on whether Appellee, in light of the record, has met her burden of proving the prima facie case for defamation through clear and specific evidence subject to any of Appellant's valid defenses.

ii.   **Appellee met her burden of showing that a prima facie case for defamation existed based on direct and circumstantial evidence as presented through clear and specific evidence in the record under *In re Lipsky*, No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015) (*Lipsky II*) whether or not Appellant met her burden of proof under the TCPA.**

Recently, on April 24, 2015, the Texas Supreme Court clarified the distinctive standard for the non-moving party's burden of proof in a Motion to

11

Dismiss under the TCPA in *Lipsky II*, No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015). In *Lipsky II* the Court determined that the "clear and specific evidence" standard required for the non-moving party to prove its prima facie case is neither an elevated evidentiary standard nor does it demand the rejection of circumstantial evidence. *Id* at 4. In this determination, the Texas Supreme Court overruled a multitude of cases finding otherwise.[5] *Id.* Importantly, the case cited by Appellant at the March 4, 2015 hearing as instructive on the clear and specific evidence standard has since been overturned and disapproved.[6] (RR. Vol. 2. 52:3-12). The Court explained that the "clear and specific evidence" is not to be confused with the "clear and convincing evidence" standard as the Legislature would have used that more common standard had they so intended. *Id.* at 5. However, the Court also notes that even had the Legislature intended such a standard, the use of circumstantial evidence may be considered in evaluating whether a standard is met. *Id.* In any event, the Court states that the TCPA "does not impose a higher burden

---

[5] *See Shipp v. Malouf,* 439 S.W.3d 432, 439 (Tex.App. – Dallas 2014, pet. denied); *Young v. Krantz,* 434 S.W.3d 335, 342–43 (Tex.App. – Dallas 2014, no pet.); *KBMT Operating Co. v. Toledo,* 434 S.W.3d 276, 282 (Tex.App. – Beaumont 2014, pet. granted); *Farias v. Garza,* 426 S.W.3d 808, 814 (Tex.App. – San Antonio 2014, pet. filed); *Rio Grande H2O Guardian v. Robert Muller Family P'ship, Ltd.,* No. 04–13–00441–cv, 2014 WL 309776, at 2 (Tex.App. – San Antonio Jan. 29, 2014, no pet.) (mem. op.); *Sierra Club v. Andrews Cnty., Tex.,* 418 S.W.3d 711, 715 (Tex.App. – El Paso 2013, pet. filed); *Alphonso v. Deshotel,* 417 S.W.3d 194, 198 (Tex.App. – El Paso 2013, no pet.); *Fitzmaurice v. Jones,* 417 S.W.3d 627, 632 (Tex.App. – Houston [14th Dist.] 2013, no pet.); *Rehak Creative Servs., Inc. v. Witt,* 404 S.W.3d 716, 726 (Tex.App. – Houston [14th Dist.] 2013, pet. denied).
[6] *Sierra Club v. Andrews Cnty.,* 418 S.W.3d 711 (Tex. App. – El Paso 2013) *review granted, judgment rev'd,* No. 14-0214, 2015 WL 2148029 (Tex. May 8, 2015) *disapproved of by In re Lipsky,* No. 13-0928, 2015 WL 1870073 (Tex. Apr. 24, 2015).

of proof than that required of the plaintiff at trial." *Id.* at 7. Most importantly, "[i]n a defamation case that implicates the TCPA, pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." *Id.* As a result, it is with the Texas Supreme Court's most recent ruling on this standard that the elements of defamation are analyzed based on the record before the court on the March 4, 2105 hearing.

"Defamation's elements include (1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *Lipsky II*, No. 13-0928, 2015 WL 1870073 at 9 (Tex. Apr. 24, 2015). The requisite degree of fault is determined by the status of the victim of the alleged defamation. *Id.* Mere negligence is required for a private individual, where as actual malice must be shown for a public figure or official. *Id.* Actual malice is also required for a matter of public concern involving a private individual. *Klentzman v. Brady*, 312 S.W.3d 886, 898 (Tex. App. – Houston [1st Dist.] 2009) citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974). To prove actual malice, the party making the defamatory statement must have had "knowledge of its falsity or with reckless disregard of the truth." *Id.* Damages must also be shown unless the statements are *per se*, meaning that the statements "are so obviously harmful that general damages

13

may be presumed." *Id.* "General damages include non-economic losses, such as loss of reputation and mental anguish." *Id.* To show special damages, require proof of more specific economic losses. *Id.*

## Publication to Third Party

Here, as asserted in Appellee's Original Petition, Appellant published a statement when she wrote a review on a public domain website. (CR. Tab 1. 39-40, Exhibit E [Appellant's Revised August Review]). Appellant contends there is some issue as to whether the first review was actually published. While the record does not seem to reflect whether or not the first review was available for the public to see on the Avvo website, the review was published to the third party website, Appellee disputed the review, and the review was taken down. (RR. Vol. 3. Exhibit 4 [August 22, 2014 Avvo Review]).

## False Statement of Fact that was Defamatory

Where statements may be proved true or false, the statements are not presented as an opinion and thus constitute a statement of fact. *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 21 (1990). The reviews are not merely opinions as factual assertions claiming (1) Appellee failed to promptly return Appellant's client file and (2) Appellee kept unearned fees to which she was not entitled. (RR. Vol. 3. Exhibit 4 [August 22, 2014 Avvo Review]);(CR. Tab 1. 39-40, Exhibit E [Appellant's Revised August Review]). Determining whether a client file was in

14

fact returned and whether legal fees were earned or unearned may be verified and thus constitute factual statements.

Moreover, these statements are false as proved by the clear and specific evidence contained in the two affidavits presented to the court on March 4, 2015 and through Appellee's original pleading supported by Appellant's invoices dated prior to Appellant's Avvo review. "It is well settled that the meaning of a publication, and thus whether it is false and defamatory, depends on a reasonable person's perception of the entirety of a publication and not merely on individual statements." *Lipsky II*, No. 13-0928, 2015 WL 1870073 at 10 (Tex. Apr. 24, 2015) citing *Bentley v. Bunton*, 94 S.W.3d 561, 579 (Tex. 2002). Taken as a whole, a reasonable person would construe Appellant's reviews as alleging Appellee acted unethically in her duties; a serious charge against an attorney well-known in the community. Acting with the shield of the attorney-client privilege, Appellant was able to present these falsehoods in a vacuum without offering a more complete statement of the events. Fortunately, the court had the opportunity to review the substantiality of Appellant's claims through viewing the record and rightfully inferred that Appellant had in fact made defamatory statements.

Further, "[r]emarks that adversely reflect on a person's fitness to conduct his or her business or trade are also deemed defamatory per se." *Lipsky II*, No. 13-0928, 2015 WL 1870073 at 11(Tex. Apr. 24, 2015). Appellant's reviews were

15

defamatory per se as they related to Appellee's operation of her business as an attorney.

## Concerning the Plaintiff

The statements are of and concerning Appellee as the review was posted under Appellee's profile on the Avvo website. *Id.* In addition, the defamation of a business constitutes defamation of the business owner and not the actual business. *Waste Mgmt. v. Texas Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 150 n.35 (Tex. 2014); *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 893 (Tex. 1960).

## Requisite Degree of Fault- Actual Malice

Because the defamation involves a matter of public concern, the operation of a law firm by a well-known attorney in the San Antonio area, the requisite degree of fault required is actual malice. "[W]hen the defamatory statement involves a matter of public concern, a private individual must meet the higher standard of proving actual malice in order to recover any presumed or punitive damages against a media defendant." *Klentzman*, 312 S.W.3d at 898 (Tex. App. – Houston [1st Dist.] 2009) citing *Gertz*, 418 U.S. at 349 (1974). Actual malice is not equal to common-law malice, but rather the defamatory statement must be proved to be made "with knowledge that it was false or with reckless disregard of whether it was true or not." *New York Times Co. v. Sullivan*, 376 U.S. 254, 279–80, 84 (1964); *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 420 (Tex. 2000).

16

Additionally, reckless disregard is proved by showing that the person publishing the defamatory statement "entertained serious doubts as to the truth of his publication." *St. Amant v. Thompson,* 390 U.S. 727, 731 (1968); *Huckabee,* 19 S.W.3d at 420 (Tex. 2000); *Franco v. Cronfel,* 311 S.W.3d 600, 607 (Tex. App. – Austin 2010).

Appellant acted with actual malice because she knew, at the time of the review was made before a dispute arose, that she owed a balance of $4,917.80. (CR. Tab 1. 49, Exhibit F [February 28, 2014 Billing Summary]). Appellee had originally paid $1,500.00 to initiate representation and only paid an additional $2,500.00 two days prior to her March 6, 2014 hearing on the Motion to Enforce against her. (CR. Tab 1. 44, Exhibit F [March 31, 2014 Billing Summary]). Appellant only paid a total of $4,000.00 to Appellee's firm. Therefore, Appellant had knowledge that she had, at the very least, prior to Appellee's representation at the Motion to Enforce hearing, owed a balance of $917.80. Thus her claim that Appellant's claim in the reviews that she owed no money was false and she knew it was false. Additionally, Appellee claimed in the review that her file was not promptly sent to her until 8 weeks later. (RR. Vol. 3. Exhibit 4 [August 22, 2014 Avvo Review]). However, in Appellant's affidavit attached to her Motion to Dismiss, she claims that her file was not mailed to her until April 4, 2014, considerably less than eight weeks after the March 12, 2014 email requesting her

17

file. (CR. Tab 4. 72:8); see also (CR. Tab 1. 39). Appellant also claimed her file was not complete in the Avvo reviews. (RR. Vol. 3. Exhibit 4 [August 22, 2014 Avvo Review]);(CR. Tab 1. 39-40, Exhibit E [Appellant's Revised August Review]). However, as supported by Heidi Helstrom's affidavit, Appellant was sent what Appellee received from her upon the initiation of representation plus those documents that became a part of the file during the course of the representation. (RR. Vol. 3, Respondent's Exhibit 2 [Affidavit of Heidi Helstrom]). Appellant also claimed to have made a full deposit in her first Avvo review. (RR. Vol. 3. Exhibit 4 [August 22, 2014 Avvo Review]). However, Appellant acknowledges in her brief that the full deposit owed under the legal services contract was $2,500.00 and that Appellant only paid $1,500.00.[7] Appellant thus made the statements in her reviews knowing that those statements were false. Furthermore, Appellant's inconsistent assertions in her affidavit in contradiction to her first review shows that Appellant made any remaining assertions with at least reckless disregard for the truth or even, knowing that those statements were false. Taken as a whole, Appellant made no attempt to verify what was owed and solidify the truth of her statements prior to publishing such harmful statements. Appellant is a disgruntled party who was unable to understand the gravity and consequences of violating her court-ordered visitation schedule even though a modification was

---

[7] See Appellant's brief page 2.

18

suggested by Appellee two years prior. (CR. Tab 1. 2:10). As a result, based on the record before the trial court, the element of actual malice was presented in the form of clear and specific evidence.

## Damages

When a statement is defamatory per se, general damages are presumed. *Lipsky II*, No. 13-0928, 2015 WL 1870073 at 9 (Tex. Apr. 24, 2015) citing *Salinas v. Salinas,* 365 S.W.3d 318, 320 (Tex. 2012) (per curiam). As discussed above, Appellant's reviews were defamatory *per se.* The statements involved Appellee's business and professional skills. Therefore, this element is met.

## Defamation Conclusion

Based on the foregoing, it was apparent from the record including pleadings, invoices, the Avvo reviews and affidavits of the parties that clear and specific evidence of defamation existed such that Appellee met her burden of proof making the denial of Appellant's Motion to Dismiss proper.[8]

---

[8] In the event the admission of affidavits and evidence of the first review submitted by Appellant at the March 4, 2015 hearing on the TCPA Motion to Dismiss were not properly admitted (though not an appropriate consideration on *de novo* review), based on the Appellee's Original Petition accompanied by invoices and the Appellant's second review, the record prior to the hearing contained enough evidence to infer that the review as a whole was defamatory and false.

### iii. Appellant did not meet her burden of proving by a preponderance of evidence the elements of truth as a valid defense to Appellee's claim once Appellee met her burden.

Truth is a defense to defamation. See Tex. Civ. Prac. & Rem. Code § 73.005; *Neely v. Wilson*, 418 S.W.3d, 52, 62 (Tex. 2013). In contrast, if a publication is presented "omitting material facts or suggestively juxtaposing true facts" in such a way that the general impression is defamatory to a reasonable person, a party can be held liable for defamation. *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 115 (Tex. 2000).

Notably, neither in her Motion to Dismiss, nor in her brief has Appellant offered substantial evidence of truth as a defense.[9] (CR. Tab 4. 67-68). Appellant does say in her affidavit that her "state of knowledge of the facts stated in this review were based completely upon what I knew at the time." (CR. Tab 4. 77:10). Additionally, Appellant acknowledges misstating facts in her review with respect to whether research was done by the associate attorney or the paralegal. *Id.* While, at best, Appellant may have believed to be true, this alone does not establish that the statements were in fact true. Moreover, by writing such an egregious review while leaving out facts that could not be countered by Appellee on the Avvo website because of attorney-client confidentiality, Appellant juxtaposed her reviews in such a way that even if aspects of it were true, the entire publication as a

_____
[9] See Appellant's Brief page 13.

20

whole was defamatory. As a result, Appellant has not met her burden of proving that any valid defense to defamation exists other than to make a slight suggestion that Appellant believed the facts in the review were true.

**B.** **A request for attorneys fees, costs, and sanctions asserted in Motion to Dismiss under the TCPA does not qualify as affirmative relief surviving a nonsuit when the Appellant has not proven that the nonsuit was filed for the purpose of avoiding an unfavorable result under *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011).**

The TCPA is a relatively new law in the State of Texas enacted into law on June 17, 2011. Tex. Civ. Prac. & Rem. Code Ann. § 27.001. As such, the case law on point is limited, at best. Although there is at least one Texas Court of Appeals case on point regarding the issue of whether a nonsuit filed after Motion to Dismiss under the TCPA allows the movant of the Motion to Dismiss the ability to continue seek attorney's fees under the statute,[10] the Texas Supreme Court has yet to decide this particular issue. As such, the law is still unsettled and a review of the analysis used for determining when attorney's fees constitute affirmative relief surviving a nonsuit is appropriate.

In *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011), the Fowlers (Plaintiffs) purchased a home from the Epps (Defendants) which they claimed had defects and brought suit for violations of the Deceptive Trade Practices Act, fraud, and

---

[10] *Rauhauser v. McGibney*, No. 02-14-00215-CV, 2014 WL 6996819 (Tex. App. – Fort Worth Dec. 11, 2014).

21

negligent misrepresentation. *Id.* at 864-865. Defendants sought their attorney's fees as sanctions under Chapter 10 of the Civil Practice and Remedies Code on the assertion that the Plaintiffs' claims were legally and factually groundless. *Id.* at 865. Plaintiffs file a notice of nonsuit without prejudice under Texas Rule of Civil Procedure 162 after Defendants moved for summary judgment. *Id.* The trial court awarded the Defendants' attorney's fees. *Id.* On appeal, the judgment was modified showing dismissal of Defendants' claims without prejudice. *Id.* The court of appeals also reversed the decision that the Defendants pay attorney's fees "reasoning that a favorable decision on the merits of a case is necessary to confer prevailing party status on a litigant." *Id.* On petition to the Texas Supreme Court, one of the issues was "whether a defendant is a prevailing party entitled to attorney's fees when the plaintiff nonsuits a claim without prejudice." *Id.* at 864. The Texas Supreme Court determined that, "such a defendant is not a prevailing party unless the court determines, on the defendant's motion, that the plaintiff took the nonsuit in order to avoid an unfavorable judgment." *Id.*

Therefore, when Motions to Dismiss are brought under the TCPA and the plaintiff later files a nonsuit without prejudice, the courts should adopt the *Epps* test and require the defendant to bring a motion to establish that the purpose of the nonsuit was to avoid an unfavorable result. In the present case, Appellant has not brought such a motion. Appellant flip flops between arguing that Appellee has not

22

met her burden under the TCPA, to arguing that the claim was entirely meritless.[11] As suggested by the trial court in the record, if the Appellee's claim was meritless, the Appellant could have brought a motion for sanctions under Tex. Civ. Prac. & Rem. Code Ann. § 10.004 or Tex. R. Civ. P. 13. (RR. Vol. 2. 51:13-18). Instead, Appellant claims that such motions were not brought because the burden is higher. (RR. Vol. 2. 51:19-23). Moreover, because the TCPA burden is lower, allowing more defendants to bring such claims and requiring less proof, and a nonsuit provides relief for the primary relief requested under the Motion to Dismiss (to absolve the plaintiff's claim), defendants should be required, upon motion, to show that the nonsuit was brought in order to avoid an unfavorable result. Here. too, Appellant should be required to show that the nonsuit was brought in order to avoid an unfavorable result until any attorney's fees, sanctions or costs are granted.

## V. CONCLUSION

In summary, first, Appellant did not meet her burden of proof showing the applicability of the TCPA with respect to the breach of contract and intentional infliction of emotional distress claims. Second, even if Appellant met her burden to show the TCPA applies to the defamation claim, Appelllee appropriately proved "clear and specific evidence" sufficient to support the trial court's denial of Appellant's Motion to Dismiss. Third, Appellant did not definitively present any

---

[11] See Appellant's Brief pages 13-14.

23

evidence of a valid defense after Appellee met her burden of proving she had a valid defamation claim. Finally, in attempting to request attorney's fees when a claim underlying a Motion to Dismiss under the TCPA is nonsuited without prejudice, the Appellant should be required, on motion, to assert that the nonsuit was brought for the purpose of avoiding an unfavorable result.

## VI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee requests that this Honorable Court affirm the trial court decision denying Appellant's Motion to Dismiss under the Texas Citizens Participation Act and Appellant's request for attorney's fees.

Respectfully Submitted,

TESSMER LAW FIRM, P.L.L.C.

By: _____

Heather Clement Tessmer
Texas Bar No. 24013619
Email: info@tessmerlawfirm.com
7800 IH-10 West, Suite 830
San Antonio, Texas 78230
Tel. (210) 368-9708
Fax. (210) 368-9729
Attorney *Pro Se*

24

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 5,735 words (excluding the caption, table of contents, index of authorities, statement of the case, statement of the issues presented, signature, proof of service, certification, certificate of compliance, and appendix). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing instrument was served as indicated to the following counsel of record listed below on _____6-16-15_____.

*Via Fascimile and/or Electronic Service:*
Ronald S. Gutierrez
Attorney for Appellant
Los Colinas Station
P.O. Box 143243
Irving, Texas 75014-3243
Office: (512) 222-3488
Fax: (512) 233-2786

Heather Clement Tessmer
Attorney *Pro Se*

25